## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KIVON SCOTT, individually and on
behalf of all others similarly situated,        Case No. 1:23-cv-002457-VMC

     Plaintiff,                                       CLASS ACTION

v.

AMERICOR FUNDING, LLC d/b/a
AMERICOR FINANCIAL,

     Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Kivon Scott hereby responds in opposition to Defendant Americor Funding, LLC d/b/a Americor Financial's Motion to Dismiss ("Motion" or "Mot"), [DE 23], and states:

### I.   INTRODUCTION

In the face of allegations that it placed multiple calls using a prerecorded voice – that played during the call – Defendant insists that this Court should disregard Plaintiff's allegations and accept its unsupported version of the facts that "a *live* person was available to talk to the Plaintiff and a voicemail was only left because Plaintiff did not pick up." Mot. at 5 (emphasis original). Defendant's request is improper at this stage of the proceedings and should be ignored. But even if the

Court is inclined to give any weight to Defendant's version of the facts, Defendant's Motion still fails.

Indeed, in *Tyner v. Hi.Q, Inc.*, the defendant moved for *summary judgment* and asserted an identical argument. In denying the motion, the *Tyner* court discussed at length TCPA law on the issue raised by Defendant here and held: "Courts, addressing the matter, have determined that a claim arises under § 227(b)(1)(A)(iii) where a message containing a prerecorded voice was delivered to a voice mailbox….This makes sense. Robocalls clogging a voice mailbox can be almost as obnoxious as calls the recipient has the misfortune to answer." *Id*. at *17. Plaintiff respectfully submits that this Court should follow the reasoning and holding of *Tyner* and the cases cited in that decision to the extent the Court is inclined to give any weight to Defendant's narrative.

Defendant's secondary argument – that Plaintiff has not sufficiently alleged the use of a prerecorded voice message – was rejected by another court in this District for basic reasons:

> When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message….Thus, that Plaintiff states he received calls containing "prerecordings" is a factual allegation for purposes of the pleading standards, and not a bare legal conclusion. Accordingly, the allegation must be accepted as true, and therefore separately establishes the necessary element of this claim.

2

*Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10 (N.D. Ga. June 23, 2016), *report and recommendation adopted*, *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186172 (N.D. Ga. Sep. 1, 2016). As noted below, *Rahn* has been cited by at least half a dozen other district courts around the country. Plaintiff respectfully submits that this Court should follow this majority view and deny Defendant's Motion.

## II.    PLAINTIFF'S ALLEGATIONS

Defendant attempts to misrepresent Plaintiff's allegations by summarizing them in two sentences. *See* Mot. at 2. Contrary to Defendant's mischaracterizations, Plaintiff alleges in detail Defendant's use of prerecorded voice calls to harass Plaintiff and the Class members, including the following facts:

1. Defendant publicly admits on its website to utilizing prerecorded voice calls to solicit consumers. First Amended Complaint ("FAC"), [DE 20], at ¶21.

2. Defendant placed a call to Plaintiff's telephone number on March 6, 2023 during which the following prerecorded message – a message that was recorded prior to the call and was not read by a live person – played: "Hello, this is Amy from Americor. We're offering a free, no obligation consultation related to your inquiry. We're passionate about helping you achieve financial freedom. Please call us back." FAC at ¶23.

3

3.  Defendant placed a call to Plaintiff's telephone number on March 13, 2023 during which the following prerecorded message – a message that was recorded prior to the call and was not read by a live person – played: "Hello, this is Amy from Americor. We appreciate you reaching out. We're offering a free no obligation consultation related to your inquiry. At Americor, we are passionate about helping everyday Americans achieve their goals of financial freedom. Please call us back at your earliest convenience. We look forward to working with you." FAC at ¶24.

4.  Defendant placed a second call to Plaintiff's telephone number on March 13, 2023 during which the following prerecorded message – a message that was recorded prior to the call and was not read by a live person – played: "Hello, it's Amy from Americor calling you back. Many Americans are struggling with debt and striving for a brighter financial future…" FAC at ¶25.

5.  "[A]ll of the calls received by Plaintiff utilized a recording of a robotic and generic sounding voice." FAC at ¶28.

6.  "[O]ther consumers have posted recordings on the Internet of the exact same robocalls received by Plaintiff." FAC at ¶28.

7.  Consumers have posted complaints on the Internet about receiving the same prerecorded calls as Plaintiff. FAC at ¶29.

The above allegations are not legal conclusions as Defendant suggests. Mot. at 3. These are factual allegations that the Court should accept as true.

## III.   ARGUMENT

### A. Plaintiff Sufficiently Alleges that Defendant Made Calls Using a Prerecorded Voice

In *Ybarra v. Dish Network,* LLC – on which Defendant primarily relies – the Fifth Circuit held that "[t]o be liable under the 'artificial or prerecorded voice' section of the TCPA. . . a defendant must make a call and an artificial or prerecorded voice must actually play." 807 F.3d 635, 640 (5th Cir. 2015). That is precisely what Plaintiff alleges here, repeatedly. *See* FAC at ¶¶23-25. Moreover, Defendant openly admits that it places "calls…using an automatic telephone dialing system or an artificial or pre-recorded voice…", *id*. at ¶21, which further supports the conclusion that the calls at issue were placed using a prerecorded voice. *See Zononi v. CHW Grp., Inc*, No. 22-cv-14358-Can, 2023 U.S. Dist. LEXIS 37245, at *9 (S.D. Fla. Mar. 7, 2023) ("By Defendant's own admission, therefore, the company uses automated dialing equipment as part of its business.").

Accordingly, *Ybarra* supports Plaintiff's position because unlike in that case, there is no question here as to whether a prerecorded voice was used and *played* during the call – Plaintiff unequivocally alleges that it was and even quotes the messages in his pleading. *See* FAC at ¶¶23-25. Defendant's out of context quotation from *Ybarra* does not change the outcome. Mot. at 6. Contrary to Defendant's

suggestion, the Fifth Circuit did not hold that a consumer must answer the call and listen to the message for it to be actionable. *See id*. In the quoted portion of the case found at page 6 of the Motion, the Fifth Circuit was referring to the fact that the technology utilized by the defendant in that case would not play a message unless the call was answered and met with a "positive voice" response. *Ybarra*, 807 F.3d at 637. In other words, there were certain calls at issue where no message played, which is not the case here.

Ultimately, Defendant's suggestion that a live agent was on the call and that the prerecorded message was on "standby" finds no support in the operative pleading given that Plaintiff alleges and quotes the messages that played during the calls. *See* Mot. at 5.  And as Defendant knows, its facts are afforded no weight on a motion to dismiss. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

Even if this Court were inclined to look beyond the four corners of the First Amended Complaint, it should still deny Defendant's Motion as was done in *Tyner v. Hi.Q, Inc.* – on a motion for summary judgment – a case in which the defendant made the same argument as Defendant here:

> According to Health IQ, the calls to Tyner were not initiated using a prerecorded voice. Each call, Health IQ maintains, was made by its agent in the hope that Tyner would answer the call, and she would engage in a discussion with that agent. Health IQ asserts that the prerecorded voice messages were left only because Tyner did not answer the calls.

No. CIV-21-608-F, 2022 U.S. Dist. LEXIS 220099, at *15 (W.D. Okla. Dec. 7, 2022).

In denying the argument, the court in *Tyner* held: "Courts, addressing the matter, have determined that a claim arises under § 227(b)(1)(A)(iii) where a message containing a prerecorded voice was delivered to a voice mailbox….This makes sense. Robocalls clogging a voice mailbox can be almost as obnoxious as calls the recipient has the misfortune to answer." *Id*. at *17 (citing *Susinno v. Work Out World Inc.*, 862 F.3d 346, 349 (3d Cir. 2017); *Lenorowitz v. Mosquito Squad of Fairfield and Westchester County*, 2022 U.S. Dist. LEXIS 170384, 2022 WL 4367596, at *5 (D. Conn. Sept. 21, 2022); *Alvarado v. Featured Mediation, LLC*, 2017 U.S. Dist. LEXIS 65960, 2017 WL 1552248, at *1 (M.D. Fla. May 1, 2017)).

Moreover, matters involving "ringless voicemails"—where a prerecorded message is deposited directly on a person's telephone without it ringing—provide further support for the *Tyner* court's reasoning. Indeed, the FCC and every court to date has concluded that "ringless" voicemail technology is governed by the TCPA. *See Rosenworcel Proposes 'Ringless Voicemail' Robocall Protections*, FCC (Feb. 2, 2022), https://www.fcc.gov/document/rosenworcel-proposes-ringless-voicemail-robocall-protections; *Grant v. Regal Auto. Grp.,* No. 8:19-cv-363-T-23JSS, 2020 U.S. Dist. LEXIS 248347, at *11-12 (M.D. Fla. July 30, 2020); *Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1249 (S.D. Fla. 2019); *Gurzi v. Penn Credit,*

*Corp.*, No. 619CV823ORL31EJK, 2020 U.S. Dist. LEXIS 56582, 2020 WL 1501893, at *3 (M.D. Fla. Mar. 30, 2020); *Picton v. Greenway Chrysler-Jeep-Dodge, Inc.*, No. 619CV196ORL31DCI, 2019 U.S. Dist. LEXIS 103796, 2019 WL 2567971, at *2 (M.D. Fla. June 21, 2019); *Saunders v. Dyck O'Neal, Inc.*, 319 F. Supp. 3d 907, 911 (W.D. Mich. 2018) (holding defendant's "use of direct to voicemail technology is a 'call' and falls within the purview of the TCPA"); *Johnson v. Comodo Grp., Inc.*, No. CV164469SDWLDW, 2020 U.S. Dist. LEXIS 18033, 2020 WL 525898, at *8 (D.N.J. Jan. 31, 2020).

The FCC and these courts concluded that the word "call" under the TCPA should be broadly construed as any method of communication utilizing a telephone. Accordingly, whether a live person was on the line or the prerecorded message was delivered directly to a consumer's voicemail is immaterial. The only difference between ringless voicemails and the calls Defendant placed (according to its version of the facts) is that the calls here rang before the voicemail was deposited.

Additionally, the FCC has rejected similar creative arguments in the context of so called "soundboard technology", which "requires a live agent to play multiple short recorded messages instead of one continuous prerecorded message." *In re Rules & Regulations Implementing the TCP Act of 1991*, 35 FCC Rcd 14640, 14640 at ¶ 1 (F.C.C. December 18, 2020). In rejecting this argument, the FCC explained:

> If such a call is initiated using an artificial or prerecorded voice message—whether made using soundboard

> technology or otherwise—the caller must obtain the called party's prior express consent for such a call unless an exemption applies. This is true even if a live agent controls the initial artificial or prerecorded voice message using soundboard technology.

*Id.* at ¶ 2; *see also id.* at ¶ 17. Like the FCC, courts have similarly rejected these kinds of arguments in the "soundboard technology" context. *See Braver v. Northstar Alarm Servs., LLC,* No. CIV-17-0383-F, 2019 U.S. Dist. LEXIS 191745, at *12 (W.D. Okla. Nov. 5, 2019).

In sum, Plaintiff alleges that Defendant placed multiple calls during which a prerecorded voice message played. Defendant's version of the facts should be ignored, and its Motion denied.

### B. Plaintiff Sufficiently Alleges that Defendant's Messages Were Prerecorded

According to Defendant, Plaintiff's allegations that the messages at issue were prerecorded are insufficient. Courts that have evaluated identical allegations disagree. *See Quinan v. Jet Lending, LLC*, No. 4:21-CV-02296, 2022 U.S. Dist. LEXIS 42958, at *8 (S.D. Tex. Mar. 10, 2022) ("The Court concludes that Plaintiff's statement that the calls were 'prerecorded' is a factual allegation sufficient to state a claim.") (citing *Rahn*, 2016 U.S. Dist. LEXIS 186171)); *Greene v. Select Funding LLC*, No. 2:20-cv-07333-RGK-KS, 2021 U.S. Dist. LEXIS 206366, at *9 (C.D. Cal. Feb. 5, 2021) (quoting *Rahn*, 2016 U.S. Dist. LEXIS 186171, at *4); *Deegan v. Specialized Loan Servicing, LLC*, No. 8:19-cv-2356-MSS-CPT, 2020 U.S. Dist.

9

LEXIS 263753 (M.D. Fla. Nov. 13, 2020) ("Although Deegan alleges only that '[t]he calls at issue were placed by [SLS] using a 'prerecorded' voice,'…nothing more is required to plausibly plead the use of an artificial voice.") (citing *Hirsch v. Fortegra Fin. Corp.*, No. 3:17-CV-1215-J-39JBT, 2018 U.S. Dist. LEXIS 219724, 2018 WL 4760801, at *4 (M.D. Fla. June 26, 2018) (declining to dismiss TCPA claim premised on use of prerecorded voice where plaintiff alleged simply that "the caller used an artificial or prerecorded voice"), adopted by 2018 U.S. Dist. LEXIS 219723, 2018 WL 4759895 (M.D. Fla. July 30, 2018); *Rahn*, 2016 U.S. Dist. LEXIS 186171).

In *Smith v. Am.-Amicable Life Ins. Co. of Texas*, on which Defendant relies, *see* Mot. at 6, the court held that allegations regarding a "robotic voice on the other end, or [] the absence of anything specific to the person being called [,]" are sufficient to support the conclusion that a prerecorded message was utilized. No. CV 22-333, 2022 WL 1003762, at *6 (E.D. Pa. Apr. 4, 2022). Here, Plaintiff alleges the use of a "robotic and generic sounding voice[,]" FAC at ¶28, and the absence of anything specific to Plaintiff in the content of the messages, FAC at ¶¶23-25. Plaintiff also alleges that others have complained of receiving the same message, which they have described as "automated". FAC at ¶29.[1] So the case on which

---

[1] The website links cited in this paragraph of the First Amended Complaint also contain recordings of identical messages received by Plaintiff, which are clearly robotic and generic sounding.

Defendant relies supports Plaintiff's position.

## IV.    CONCLUSION

If Defendant wishes to move for summary judgment and prove that it did not place calls to Plaintiff utilizing a prerecorded voice message – which it will never be able to do – it can certainly try. But Plaintiff has met his burden at the pleadings stage and Defendant cannot seek dismissal based on unsupported facts in a motion.

**WHEREFORE,** Plaintiff respectfully requests an Order denying Defendant's Motion, and for such other relief deemed appropriate by this Court.

Date: August 16, 2023

Respectfully submitted,

*/s/ Manuel Hiraldo*
**HIRALDO P.A.**
Manuel Hiraldo, Esq.
Florida Bar No.030380 (*pro hac vice*)
mhiraldo@hiraldolaw.com
401 E Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33301
Telephone: 305-336-7466

**SHAMIS & GENTILE, P.A.**
Andrew Shamis, Esq.
Georgia Bar No.494196
ashamis@shamisgentile.com
Garrett Berg, Esq.
Florida Bar No.1000427
gberg@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, FL 33132

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE WITH LR 5.1</u>

I hereby certify that that this brief has been prepared with Times New Roman font size 14 as approved by Local Rule 5.1 and that on August 16, 2023, a copy of the foregoing was served by ECF to counsel of record.

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
