IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|   |   |
|---|---|
| KIVON SCOTT, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>AMERICOR FUNDING, LLC, d/b/a AMERICOR FINANCIAL,<br><br>　　Defendant. | Civil Action No.<br>1:23-cv-02457-VMC |

## ORDER

This matter is before the Court on Defendant Americor Funding, LLC's Motion to Strike Class Allegations (Doc. 18) and Motion to Dismiss (Doc. 23).

## Background[1]

Plaintiff Kivion Scott ("Mr. Scott") filed this case on behalf of himself and other similarly situated individuals seeking redress for an alleged violation of the Telephone Consumer Protection Act ("TPCA"), 47 U.S.C. § 227. ("Am. Compl.," Doc. 20). Mr. Scott alleges that Defendant Americor Funding, LLC ("Americor") engages in unsolicited telemarketing through prerecorded voice calls. (*Id.* ¶ 1).

---

[1] Because this case is before the Court on a Motion to Dismiss, the following facts are drawn from Plaintiff's Complaint and are accepted as true. *Cooper v. Pate*, 378 U.S. 546, 546 (1964).

Mr. Scott further alleges that he received a prerecorded voice message on his cellular device from Americor on March 6, 2023 stating:

> "Hello, this is Amy from Americor. We're offering a free, no obligations consultation related to your inquiry. We're passionate about helping you achieve financial freedom. Please call us back."

(*Id.* ¶ 23). Mr. Scott never visited Americor's website or provided any type of express written consent to Americor prior to receiving this voice message. (*Id.* ¶ 22). Furthermore, seven days later Mr. Scott received two more prerecorded voice messages from Americor on his cellular device. (*Id.* ¶ 24). Mr. Scott alleges that he was easily able to determine that the voice messages were from a prerecorded voice. (*Id.* ¶ 27).

## Discussion

### I. Motion to Strike Class Allegations

#### A. Legal Standard

A court must "[a]t an early practicable time after a person sues or is sued as a class representative . . .determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). There are four prerequisites to class certification as outlined in Rule 23(a):

> 1) the class is so numerous that joinder of all members is impracticable;
>
> 2) there are questions of law or fact common to the class;

>   3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and;
>
>   4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The proposed class must also satisfy at least one of the three alternative requirements in Rule 23(b). For example, subsection 23(b)(3) applies when "the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"Generally, a court does not engage in this inquiry until it is presented with the plaintiff's motion for class certification." *Carrier v. Ravi Zacharias Int'l Ministries, Inc.*, No. 1:21-CV-3161-TWT, 2023 WL 2355891, at *2 (N.D. Ga. Mar. 3, 2023). "In exceptional cases, though, striking or dismissing class allegations is allowed when a defendant demonstrates from the face of the complaint that it will be impossible to certify the class alleged by the plaintiff regardless of the facts the plaintiff may be able to prove." *Id.* (citations, punctuation, and quotations omitted). Even so, "[t]his is considered an extreme remedy in the Eleventh Circuit." *Id.* (citation omitted); *see also Pettis v. Empire Educ. Grp., Inc.*, No. 1:18-CV-4940-TWT, 2019 WL 13215356, at *1 (N.D. Ga. June 11, 2019) ("Although motions to strike class allegations are not categorically improper, they request an extreme

3

remedy that is generally disfavored in the Eleventh Circuit.") (citations and quotations omitted).

### B. Analysis

Americor argues that Plaintiff's class allegations should be stricken for three reasons: (1) the class is facially overly broad and lacks commonality because it includes members who gave Americor prior express written consent to contact them; (2) the class fails because it is not limited to calls made by Americor but seeks to hold Americor liable for any call that mentions Americor or one of its products; and (3) the class fails because Mr. Scott cannot represent a class that he is not a part of.[2] (Doc. 18-1 at 1).

As discussed, many district courts in the Eleventh Circuit deny motions to strike as premature at the pleading stage. *See, e.g., Sharfman v. Premier Med., Inc.*, No. 6:20-cv-1278-WWB-LRH, 2021 WL 6884683, at *5 (M.D. Fla. Dec. 29, 2021) ("[T]he issue of whether claims deserve a class treatment is a fact-dependent inquiry unsuitable for a motion to dismiss or strike.") (citation, punctuation, and quotations omitted); *Mayfield v. Ace Am. Ins. Co.*, No. 1:19-cv-02425-SDG, 2020 WL 12029099, at *7 (N.D. Ga. Mar. 19, 2020) ("[T]he class allegations are best tested under Rule 23 on a motion for class certification after the collection and

---

[2] Americor's third argument is analyzed in the section related to its Motion to Dismiss.

presentation of evidence." (citation omitted)); *Chaney v. Crystal Beach Cap., LLC*, No. 8:10-cv-1056-T-30TGW, 2011 WL 17639, at *2 (M.D. Fla. Jan. 4, 2011) (The shape and form of a class action evolves only through the process of discovery, and it is premature to draw such a conclusion before the claim has taken form.") (citation, punctuation, and quotations omitted). The Court finds that this is not the exceptional case that warrants dismissal at this stage in the case and will therefore deny Americor's Motion to Strike.

## II. Motion to Dismiss

Apart from seeking to strike Mr. Scott's class allegations, Americor argues that Mr. Scott's case should be dismissed in its entirety because it fails to state a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Americor contends that because Mr. Scott did not answer the alleged prerecorded call, he failed to allege sufficient facts to demonstrate the voice message was prerecorded rather than being read by a live agent using a script. (Doc. 23-1 at 2). For the reasons below the Court will also deny Americor's Motion to Dismiss.

### A.  Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In a motion to dismiss, the court must

accept all factual allegations in the complaint as true, but the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a plaintiff need not provide "detailed factual allegations" to survive dismissal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *Twombly*, 550 U.S. at 555.

### B.   Analysis

The TCPA makes it unlawful for any person within the United States "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice" to another person's cellular device without their consent. 47 U.S.C. § 227 (b)(1)(A). To state a claim under the TCPA a plaintiff must allege that "(1) the defendant called a cellular phone, (2) using an automated telephone dialing system or prerecorded message or artificial voice, (3) without the recipient's prior consent." *Coleman v. Rite Aid of Ga., Inc.*, 284 F. Supp. 3d 1343, 1345 (N.D. Ga. 2018) (internal citations omitted).

First, Americor argues that § 227(b)(1)(A) of TCPA does not prohibit it from using prerecorded voice technology to "deliver a message" to a cellular device, rather the call itself must be "made" using the prerecorded voice. (Doc. 23-1 at 3–4) (comparing § 227(b)(1)(A) to § 227(b)(1)(B) which prohibits any telephone calls

to a landline "using an artificial or prerecorded voice *to deliver a message* without the prior express consent of the called party.") (emphasis added). Thus, according to Americor, Mr. Scott's allegations are not enough to state a claim because he only alleges that a prerecorded voice message was left on his cellular device and not that a call was "made" using prerecorded voice technology.

Americor relies heavily on the Fifth Circuit's decision in *Ybarra v. Dish Network, LLC*, which held that "making a call in which a prerecorded voice might, but does not, play is not a violation of the TCPA." 807 F.3d 635, 641 (5th Cir. 2015). But the Court is not convinced that the Fifth Circuit's decision in *Ybarra* applies.

In *Ybarra,* the Fifth Circuit defined a "positive voice" as "either an actual human voice or a recorded voicemail greeting." *Id*. at 637. Thus, the only calls relevant to the court's inquiry were prerecorded voices that were not met by a positive voice. *See id.* at 640 ("a defendant must make a call and an artificial or prerecorded voice must actually play."). There was no dispute that the calls met by a "positive voice" i.e., the calls where a prerecorded voice played, created TCPA liability. *Id.* at 641. Mr. Scott's Complaint alleges that a prerecorded voice played. In fact, the Amended Complaint offers direct quotations of the alleged voice messages left by the prerecorded voice. (Am. Compl. ¶¶ 23-25).

Moreover, this case can be distinguished from *Ybarra* because unlike here, *Ybarra* was decided at the summary judgment stage where the record had been

7

developed. *Id.* So while Americor argues that it is plausible that a live person was available to talk to Mr. Scott, it would be improper for the Court to consider this possibility at this stage of the proceedings because the Court accepts Mr. Scott's factual allegations as true.

Similarly, Americor argues that Mr. Scott's Amended Complaint fails to allege that the calls were made using a prerecorded voice as opposed to a script. (Doc. 23-1 at 6). Americor contends that it is not enough that Mr. Scott alleges that when he "listened to the voicemails he was easily able to determine that it was a prerecorded message." (Am. Compl. ¶ 27). The Court disagrees. Other courts in this District have held that a plaintiff alleging a TCPA claim only has to plead that a defendant used a prerecorded voice, "regardless of whether [the defendant] used an artificial or prerecorded voice."). *Rahn v. Bank of Am., N.A.*, No. 1:15-CV-4485-ODE-JSA, 2016 WL 7335392, at *4 (N.D. Ga. Sept. 2, 2016); *see also Clark v. Allied Interstate LLC*, No. 1:16-cv-0249-MHC-RGV, 2017 WL 2903358, at *4 (N.D. Ga. Jan. 20, 2017), *report and recommendation adopted,* 2017 WL 11093847 (N.D. Ga. Feb. 8, 2017) (finding that plaintiff adequately plead TCPA claim where there is a plausible inference that the calls were made using a prerecorded voice); *Bound v. Grand Bahama Cruise Line, LLC*, No. 1:15-CV-02856-LMM, 2016 WL 10572262, at *2 (N.D. Ga. June 15, 2016) (plaintiff's allegation that defendant used an artificial or prerecorded voice could state a TCPA claim). Considering Mr. Scott's allegations

at this stage in the proceedings, the Court finds them sufficient to state a claim under the TCPA.

## Conclusion

For the reasons above, Defendant's Motion to Strike Class Allegations (Doc. 18) and Motion to Dismiss (Doc. 23) are **DENIED**.

**SO ORDERED** this 5th day of January, 2024.

_____
Victoria Marie Calvert
United States District Judge